IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN VAN DEURZEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-CV-683-SMY |
| | ) |
| WARDEN SPROUL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Martin Van Deurzen filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his confinement. He compares the length of his sentence to that of other inmates such as "Paul Manaford, Kwam Kilpatrick, Michal Cohen, Anthony Weiner", alleges an equal protection violation, and asserts that "unequal justice and discrimination of the Government and the Bureau of Prisons and the politicizing the release of certain inmates" militates in favor of vacating or reducing his sentence (Doc. 1, pp. 2, 7).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Background

On December 3, 2015, Petitioner was indicted in the Southern District of Florida on six counts of child-pornography related offenses. *U.S. v. Van Deurzen,* Case No. 15-cr-14075-RLR (S.D. Fl. Dec. 3, 2015, Doc. 9). He ultimately pleaded guilty to distribution of material containing visual depictions of sexual exploitation minors, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Counts 3 and 4); receipt of material containing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a) and (b)(l) (Count 5); and possession of matter containing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252 (a)(4)(B) and (b)(2) (Count 6). *Id.* (Doc. 22, p. 1). On April 15, 2016, he was sentenced to 360 months imprisonment, consisting of 240 months on Counts 3, 4, and 5 to be served concurrently, and a consecutive term of 120 months on Count 6. *Id.* (Doc. 34, p. 2). The Eleventh Circuit Court of Appeals summarily dismissed his appeal based on the appeal waiver in his plea agreement. *Id.* (Doc. 67).

Following sentencing, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in his criminal case and in a separate civil action in the Southern District of Florida, 19-cv-14489. Both were dismissed as untimely. *U.S. v. Van Deurzen,* Case No. 15-cr-14075-RLR (S.D. Fl. Jan. 28, 2021, Doc. 81).

On July 7, 2020, while serving time in FCI-Marion, Petitioner filed a civil rights Complaint that set forth similar allegations as those contained in the instant habeas petition. *Van Deurzen v. Sproul*, 20-cv-649-JPG (Doc. 1) (S.D. Ill. Sep. 2, 2020). On September 2, 2020, this Court initially dismissed Petitioner's Complaint upon preliminary review pursuant to 28 U.S.C. § 1915A and noted, "This dismissal does not prevent Plaintiff from pursuing an appeal, habeas relief, or

compassionate release under Title VI, Section 603(b) of the First Step Act of 2018." *Id.* (Doc. 9, p. 3). Petitioner has since amended his Complaint.

## **Legal Standards**

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence to bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of [him] detention." *Id.* "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in [his] conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A petitioner must satisfy three conditions to trigger the savings clause: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Here, Petitioner does not point to any new statutory interpretation, unavailable at the time of his initial §2255 motion, that would alter the interpretation of the statutes under which he was convicted in such a way that his conduct can no longer be considered criminal. He merely repeats the same allegations that the Southern District of Florida previously characterized and rejected as,

"Rich and famous people or people from different states who are charged with the same crimes receive shorter sentences than he received, which violates the right to equal protection of the law." *U.S. v. Van Deurzen,* Case No. 15-cr-14075-RLR (S.D. Fl. Jan. 28, 2021, Doc. 81, p. 2). As Petitioner fails to satisfy either of the first two *Brown* conditions, his claim does not fall within the savings clause of § 2255(e) and is not within the scope of claims cognizable in a § 2241 habeas action.[1]

## Disposition

Petitioner Martin Van Deurzen's 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. All pending motions are **DENIED AS MOOT**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time period for his case, as provided in Federal Rule of Appellate Procedure 4(a).

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay. *Walker v. O'Brien,* 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e). An appellant who is granted IFP status still incurs the obligation to pay the entire appellate filing fee. *Thomas v. Zatecky,* 712 F.3d 1004, 1004-05 (7th

---

[1] Aside from his equal protection challenge, Petitioner raises claims about prison conditions that are more properly addressed in his pending civil rights suit. *Richmond v. Scibana,* 387 F.3d 602, 606 (7th Cir. 2004) (discussing how challenges for conditions of custody are more appropriately the subject of civil litigation).

Cir. 2013); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  August 2, 2022**

**STACI M. YANDLE**
**United States District Judge**